IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher J. Topper, | ) |
| | ) C/A No. 6:16-3196-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Nancy A. Berryhill, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 24). Plaintiff seeks an award of attorney's fees in the amount of $40,942.10, which represents 25% of the back benefits awarded to Plaintiff. (ECF No. 24-1 at 1). The Commissioner has filed a response informing the court that she does not object to Plaintiff's motion for fees in the amount of $40,942.10. (ECF No. 26).

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id*.

Based upon a review of the petition and these factors, the court finds that an award of $40,942.10 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. (ECF No. 24-4). Plaintiff was awarded back benefits of $163,768.40, and 25% of the award was withheld for attorney's fees, or $40,942.10.

(ECF Nos. 24-1 at 1-2, 24-8 at 2). In compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed twenty-five percent (25%) of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that 29.3 hours were expended working on this matter at the court level. (ECF No. 24-1 at 2). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772-73 (W.D.Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 24) is granted, and Plaintiff is awarded a total of $40,942.10 in attorney's fees.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 17, 2018
Anderson, South Carolina

---

[1] "Fee awards may be made under both [EAJA and § 406(b) ], but the claimant's attorney must refund to the claimant the amount of the smaller fee [,] . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted). Plaintiff has previously been awarded $6,700.00 in attorney's fees under the EAJA. (ECF No. 29). Accordingly, Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fees immediately after he receives the payment of the § 406(b) fees.